# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA EARLES | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. CIV-17-1186-M |
| v. | ) |
| | ) |
| ROD CLEVELAND, individually and in his Official capacity as a member of the Board of County Commissioners for Cleveland County; DARY STACY, individually and in his Official Capacity as a member of the Board of County Commissioners for Cleveland County; STEPHAN KORANDA, individually and in his Official Capacity as the Executive Director of the Cleveland County Fair Board; HARLEN FIPPS, individually and in his Official Capacity as a member of the Cleveland County Fair Board; and JIMMY YOUNG, individually and in his Official Capacity as a member of the Cleveland County Fair Board, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Before the Court is the defendants' Joint Motion to Dismiss, filed November 13, 2017. On December 9, 2017, plaintiff filed her response, and defendants filed their reply on December 21, 2017. Upon review of the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff originally filed this action in the District Court of Oklahoma County on November 1, 2017—alleging, *inter alia*, employment discrimination on the part of defendants. Defendants in this case include various Cleveland County officials sued in both their individual and official

capacities. Defendants thereafter removed this case to this Court, and have now moved to dismiss plaintiff's complaint as factually deficient. Plaintiff contends that her allegations are sufficient, yet simultaneously moves for leave to amend, to the extent any part of defendants' motion is granted.

II.     Dismissal Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    a. **Official Capacity State-law Claims**

Defendants first seek dismissal of plaintiff's official capacity state-law claims because plaintiff failed to comply with the Oklahoma Governmental Tort Claims Act (GTCA). As a preliminary matter, however, plaintiff disputes the applicability of the GTCA to her state-law claims.

> The GTCA provides, in pertinent part:
>
> A. The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the law of this state. The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.
>
> B. The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

Okla. Stat. tit. 51, § 153. Further, the GTCA defines "tort" as follows:

> a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.

Okla. Stat. tit. 51, § 152(14).

In this case, plaintiff asserts various state-law claims against defendants "individually" and in their "official capacit[ies]." Further, despite conceding that naming a defendant in his or her official capacity is the same as suing the entity itself, plaintiff contends that the GTCA does not apply to her claims because she seeks to hold the individuals liable for their intentional conduct. Having carefully reviewed plaintiff's complaint and the submissions of both parties, the Court finds that the GTCA applies to plaintiff's state-law claims against defendants in their official

capacities. As a result, for her claims to survive, plaintiff must show that she complied with the pre-suit requisites of the GTCA.

Defendants assert that plaintiff waited too long to file her tort claim, and that her state-law claims are now jurisdictionally barred under the GTCA. The GTCA requires plaintiff to give defendant notice of her claim within one year of the date of injury, and then further requires her to file suit within 180 days after defendant denies the claim. Okla. Stat. tit. 51 § 156(B), 157(A)-(B).

Moreover, the Oklahoma Supreme Court has instructed that this particular requirement should be strictly enforced:

> We determined in *Cruse v. Atoka County Board of Commissioners* that the Legislature consented to judicial enforcement of tort claims in the manner narrowly structured by the procedural requirements of §§ 156 and 157. *Cruse* determined that: 1) compliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government; 2) judicial power is invoked by the timely filing of the governmental tort claims action pursuant to § 157; and, 3) expiration of the 180–day time period in § 157(B) operates to bar judicial enforcement of the claim against the government to which the Legislature waived sovereign immunity.

*Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996) In *Shanbour*, the court dismissed plaintiff's tort claim as untimely, despite falling outside of the 180-day deadline by only 2 days. *Id*.

Having carefully reviewed plaintiff's complaint and the submissions of both parties, the Court finds that plaintiff's claims under the GTCA are untimely. Defendants assert that plaintiff waited five days too long after defendants denied her claim and that she did not file suit within this 180-day window. Plaintiff disagrees with defendants' calculation of the 180-day filing period, but not with the facts underlying defendants' argument.[1] The Court, however, agrees with defendants'

---

[1] Plaintiff does not dispute that she served the notice of the tort claim on the county clerk on Friday, May 1, 2015. Yet, she contends that notice of the tort claim was not provided to the Board of County Commissioners until the following Monday—rendering her ultimate filing of this suit timely. Oklahoma law, however, requires notice to be filed with "the office of the clerk of the

4

calculation of the period, and finds that plaintiff's state-law claims against defendants in their official capacities should be dismissed with prejudice as untimely.

### b. Individual Capacity State-law Claims

#### 1. State-law Discrimination Claim

Plaintiff seeks to hold defendants, in their individual capacities, liable under the Oklahoma Anti-Discrimination Act ("OADA"). Yet that statute only permits actions to be filed against *employers*—not individual employees. *See, e.g.,* Okla. Stat. tit. 25 § 1301 (definition of "employer"); Okla. Stat. 25 §§ 1302-1350 (repeatedly referring to "employer" describing discriminatory practices). *See also Fulton v. People Lease Corp.*, 241 P.3d 255, 261 (Okla. Civ. App. 2010) ("We conclude the Legislature did not intend to make individual employees personally liable for discrimination actions brought under the OADA. . . .."). Accordingly, the Court finds that plaintiff's OADA claim against defendants in their individual capacities must be dismissed.

#### 2. Intentional Infliction of Emotional Distress Claim

To make out a prima facie case for intentional infliction of emotional distress (IIED), plaintiff must allege facts that show: (1) the defendants acted intentionally or recklessly; (2) the defendants' conduct was extreme and outrageous; (3) the defendants' conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). The second element of this tort requires proof that the defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and that such conduct is regarded as atrocious and utterly intolerable in a civilized community. *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.,* 916 P.2d 241, 248 (Okla. 1996).

---

governing body" or with the "county clerk of the board of county commissioners." Okla. Stat. tit. 51 § 156(D); Okla. Stat. tit. 19 § 5.

Having carefully reviewed plaintiff's complaint and the submissions of both parties, the Court finds that plaintiff's IIED claim is factually deficient. Plaintiff here alleges that certain defendants spread "false and fictitious rumors" about her, retaliated against her, harassed her, and threated her—without offering any details about these allegations. The Court finds that plaintiff only offers naked assertions devoid of the appropriate factual enhancement, and that her IIED claim against defendants in their individual capacities must be dismissed accordingly.

3. Conspiracy

Plaintiff alleges a civil conspiracy claim under state law against defendants in their individual capacities. "A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Edwards v. Urice*, 220 P.3d 1145, 1152 (Okla. Civ. App. 2009). Civil conspiracy itself does not create liability—it only enlarges the pool of potential defendants from whom a plaintiff may recover. *Brock v. Thompson*, 948 P.2d 279, 297 (Okla. 1997). Having reviewed plaintiff's complaint and the submissions of both parties, the Court finds that plaintiff has failed to allege sufficient facts to state a conspiracy claim. Plaintiff only alleges that certain defendants conspired to deprive her of the benefits of her employment agreement. Yet she does not allege how defendants did this, nor does she specify any unlawful activity or means used in this conspiracy. Thus, the Court finds that plaintiff's conspiracy claim should be dismissed.

4. Tortious Interference Claims

Plaintiff seeks to hold certain defendants liable for tortious interference with her employment contract. To state a claim for relief, Oklahoma law requires a plaintiff to allege that one who was not a party to the contract interfered with "that contract by convincing one of the parties to breach its terms." *Ray v. American Nat. Bank & Trust Co. of Sapulpa*, 894 P.2d 1056, 1060 (Okla. 1994). Having reviewed plaintiff's complaint and the submissions of both parties, the

Court finds that plaintiff's allegations regarding her tortious interference claims are factually deficient. Specifically, plaintiff does not allege that any defendant convinced any party to breach its contract with plaintiff. Plaintiff only alleges that defendants failed to put a matter on the Cleveland County Fair Board's agenda. The Court finds that this is factually insufficient, and that plaintiff's tortious interference claims against defendants in their individual capacities must be dismissed.

### c. § 1983 Claims

Defendants contend that plaintiff's § 1983 claims should be dismissed because they are not specific enough. In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. *See Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008). Therefore, it is particularly important in these cases that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice regarding the basis of the claims against him or her—as distinguished from collective allegations against the state. *See Twombly,* 550 U.S. at 565-566 n. 10.

Having carefully reviewed plaintiff's complaint and the submissions of both parties, the Court finds that plaintiff's § 1983 claims fail to meet this standard. In her claims, plaintiff repeatedly says "defendants" violated her rights without specifying which defendant did what. Moreover, plaintiff's complaint is not always clear which defendant is being named under each claim. Accordingly, the Court finds that plaintiff's § 1983 claims should be dismissed.

### d. Declaratory Relief

Plaintiff seeks declaratory relief under Oklahoma law. Specifically, she seeks a determination that she is still an employee of the Cleveland County Fair Board because she was never properly terminated. Plaintiff seeks relief under Okla. Stat. tit. 12 § 1651—which provides that "courts may, in cases of actual controversy, determine rights, status, or other legal relations. .

..." Notably, however, courts may "refuse to make a determination where the judgment, if rendered, would not terminate the proceeding." *Id*.

Having carefully reviewed plaintiff's complaint and the submissions of both parties, the Court finds that any relief granted to plaintiff would not terminate the proceeding and would only spur further litigation. Specifically, any relief granted to plaintiff would then present further grounds upon which plaintiff could sue to recover from defendants, and defendants would undoubtedly assert defenses. The Court finds that plaintiff's other claims for wrongful termination and tortious behavior suffice to further plaintiff's interests, to the extent she believes she was improperly terminated.

e. **Injunctive Relief**

Plaintiff also seeks injunctive relief. Yet it is not clear what plaintiff asks this Court to enjoin defendants from doing. For instance, plaintiff seeks to enjoin defendants from harassing or interfering with plaintiff's good name, but she also acknowledges that she was terminated from her employment back in 2014. Accordingly, the Court finds that plaintiff has failed to state a claim for injunctive relief which relief may be granted—this claim should be dismissed.

f. **Leave to Amend**

Finally, plaintiff has requested leave to amend, to the extent this Court grants any part of defendants' motion. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S.*

*West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In this case, the Court will permit plaintiff to amend any claim that is not dismissed with prejudice to refiling.

IV. Conclusion

For the reasons set forth above, the Court GRANTS defendants' Joint Motion to Dismiss [docket no. 6]. Specifically, the Court DISMISSES plaintiff's state-law claims against defendants in their official capacities as untimely with prejudice to refiling. The Court DISMISSES all other claims against defendants without prejudice to refiling.

**IT IS SO ORDERED this 16th day of October, 2018**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE